IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEILA A. LAI, | ) CIVIL NO. 08-00023 SOM-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
| vs. | ) PLAINTIFF'S REQUEST FOR |
| | ) APPOINTMENT OF COUNSEL AND |
| | ) APPLICATION TO PROCEED |
| JOHN E. POTTER, POSTMASTER | ) WITHOUT PREPAYMENT OF FEES |
| GENERAL; UNITED STATES | ) |
| POSTAL SERVICE, AGENCY, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND
<u>APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES</u>

On January 31, 2008, Plaintiff Leila Lai ("Plaintiff"), proceeding *pro se*, filed a Request for Appointment of Counsel Under the Civil Rights Act of 1964 ("Request") and an Application to Proceed Without Prepayment of Fees ("IFP Application" or "Application").  United States District Judge Susan Oki Mollway referred these matters to this Court.

Pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District for the District of Hawaii, the Court finds this matter suitable for disposition without a hearing.  After careful consideration of Plaintiff's Request, Application, and the supporting documentation, the Court finds and recommends that the district court DENY Plaintiff's IFP Application and Request.

## BACKGROUND

Plaintiff commenced the instant action on January 31, 2008, alleging that she was terminated due to an injury suffered at her workplace.  Prior to filing suit, Plaintiff submitted her claim to the Equal Employment Opportunity Commission ("EEOC").  An EEOC Administrative Judge ("AJ") denied her claim, finding that Defendants had not discriminated against Plaintiff.  Even assuming, *arguendo*, that Plaintiff had established a prima facie case of disability discrimination, the Administrative Judge concluded that Defendants articulated a legitimate nondiscriminatory

reasons for their actions. The AJ's finding of no discrimination was adopted in an agency final order. Plaintiff appealed, and the EEOC affirmed the order. Plaintiff then sought reconsideration of the decision on appeal, but the EEOC denied her request.

The EEOC advised Plaintiff that she had no further right of administrative appeal and that she had ninety days to file a civil action.

DISCUSSION

A.   IFP Application

Plaintiff requests that the Court permit her to proceed *in forma pauperis*. A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc.,

335 U.S. 331, 339 (1948) (internal quotations omitted). However, a court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).  A complaint is frivolous if "it has no arguable substance of law or fact."  Tripati, 821 F.2d at 1370 (citations omitted).

In the present case, the Court cannot recommend that Plaintiff be permitted to proceed *in forma pauperis*.  First, Plaintiff indicates that her income is $2,140.00, which results in an annual income of $25,680.00.  The Department of Health and Human Services 2008 Poverty Guideline for Hawaii sets forth $24,380.00 as the poverty guideline for a family of

4

four.[1]  73 F.R. 3971-01 (Jan. 23, 2008).  Thus, Plaintiff does not meet the poverty guideline.

Plaintiff additionally indicates that she has $480.00 in her checking/savings account; has three vehicles, valued at $2,500.00; and has a three bedroom attached home valued at $250,000.00, which is currently in the process of foreclosure.  Based on these representations, the Court finds that Plaintiff has not demonstrated that she is unable to pay the $350.00 filing fee.  Accordingly, the Court recommends that the district court deny Plaintiff's IFP Application.

B.  Appointment of Counsel

Plaintiff also requests the appointment of counsel.  The district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel to represent an indigent civil litigant.  See 28 U.S.C. § 1915(e)(1).  "The decision to appoint counsel is left to the sound discretion of the district court. . . . 'Three factors

---

[1]  Plaintiff represents that she supports three children.

are relevant to [a] trial court's determination of whether to appoint counsel:  (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim.'"  Johnson v. U.S. Dep't of the Treasury, 27 F.3d 415, 416-417 (9th Cir. 1994) (quoting Johnson v. U.S. Dep't of the Treasury, 939 F.2d 820, 821 (9th Cir. 1991)).

  The first factor militates in favor of Plaintiff.  Although Plaintiff appears to have the financial resources to pay the requisite filing fees, her ability to afford an attorney is less clear.  However, this factor does not militate strongly in Plaintiff's favor because if she has a meritorious claim, she can retain counsel on a contingency fee basis.

  The other two factors weigh against the appointment of counsel.  By her own admission, Plaintiff has not contacted nor attempted to contact any attorneys.  In Johnson, the Ninth Circuit Court of

6

Appeals affirmed the District Court's refusal to appoint counsel based, in part, on the fact that the plaintiff had made only two attempts to employ counsel. Id. at 417. The Court cannot recommend that the district court grant Plaintiff's request when she has failed to make any effort to retain counsel.

      Finally, the strength of Plaintiff's arguments on the merits does not suggest that counsel should be appointed. The EEOC investigated Plaintiff's claim and concluded that no discrimination had occurred. Indeed, the AJ's finding of no discrimination was adopted in an agency order, affirmed on appeal, and remains the EEOC's final decision. This indicates that the complaint is not sufficiently meritorious to warrant the appointment of counsel. But see Bradshaw v. Zoological Soc. of San Diego, 662 F.2d 1301, 1309 (9th Cir. 1981) ("If the [EEOC] has found 'reasonable cause,' . . . the claim should normally be deemed meritorious for purposes of appointment of counsel, and the court need make no further inquiry with respect to

that subject.")[2]  Because two of the three <u>Johnson</u> factors weigh against the appointment of counsel in this case, the Court declines to recommend that the district court appoint counsel.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court FINDS and RECOMMENDS that the district court DENY Plaintiff's Application to Proceed Without Prepayment of Fees and Request for the Appointment of Counsel Under the Civil Rights Act of 1964, both filed on January 31, 2008.

---

[2]  The Court's determination that a cause of action is not entirely frivolous or without merit for purposes of determining whether a plaintiff should be allowed to proceed *in forma pauperis* is independent of a determination of whether the suit is sufficiently meritorious to warrant appointment of counsel. <u>Bradshaw</u>, 662 F.2d at 1309 ("In making its determination whether the claim has merit in in forma pauperis cases, the court . . . [must] make an independent evaluation of the meritoriousness of the claim.").

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, February 5, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge


CV 08-00023 SOM-KSC; LAI V. POTTER, ET AL.; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES